(78 South. 973)

No. 23116.

STATE v. PENTEN et al.

In re PENTEN et al.

(May 27, 1918.)

*(Syllabus by the Court.)*

STATUTES ⬤⟿118(1) — SUBJECT AND TITLE — DISTURBING THE PEACE.

The title to Act No. 31 of 1886, p. 40, expresses the object embraced in the act. The act defines disturbances of the peace in public streets and on highways near private houses, etc.

Alfred Penten and others were convicted of using loud, vociferous, vulgar, and indecent language in a public place in a manner calculated to alarm and disturb the inhabitants, their motion to quash the indictment was overruled and they apply for writs of certiorari and prohibition. Application denied.

Fred J. Heintz and A. D. Schwartz, both of Covington, for applicants. A. V. Coco, Atty. Gen., and J. Vol. Brock, Dist. Atty., of Franklinton (Vernon A. Coco, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Relators were charged with and convicted of using loud, vociferous, vulgar, and indecent language in the streets of Talisheek, a public place, in a manner calculated to alarm and disturb the inhabitants thereof.

They moved to quash the indictment on the ground that Act 31 of 1886, p. 40, under which they were charged, is unconstitutional, in that the object of the act is not expressed in the title.

The motion was overruled; and, as defendants have no appeal, they have invoked the supervisory jurisdiction of the court, and ask that the judgment of the district court be reversed, and that it be prohibited from proceeding further.

The objection to the act is not well founded. The title reads:

"Relative to disturbances of the peace in public streets, on highways, in or near private houses, defining said offense, and providing for the punishment of the same by fine or imprisonment, or both."

It is argued by relators that because disturbances of the peace in public places are included in the act, together with public streets and highways, that the act is broader than its title.

The object of the act is to punish disturbances of the peace, and that object is sufficiently expressed in the title "relating to disturbances of the peace in public streets, on highways, in or near private houses." Streets and highways are public places, and public places are therefore embraced in the title.

Public places are defined in section 2 of the act to be:

"Any public road, street, or alley of a town or city, inn, tavern, store, grocery, workshop, or any place to which people commonly resort for purposes of business, recreation or amusement, and places of public worship."

The definition is specially provided for in the title.

And the disturbance of the peace is further defined in the act to be that any person who shall go into any public place, into or near any private house, or along any public street or highway near to any private house, and who shall use loud and vociferous or obscene, vulgar, or indecent language, or swear or curse, or expose his person, or rudely display or wantonly or maliciously discharge or use any pistol or other deadly weapon in such public place, or upon such public street or highway, or near such private house, in a manner calculated to disturb or alarm the inhabitants thereof, shall, etc.

Defendants are charged with having used loud, vociferous, vulgar and indecent language on the streets of Talisheek, in the exact language of the statute; and the same language is in the title of the act. They are

not charged with disturbing the peace in an inn, tavern, etc.; and they have no interest in attacking the act, because inns, taverns, etc., are included in public places in the act.

The rule issued herein is recalled; and the application of relators for writs is denied, at their cost.